**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

SEP 22    9 58 AM '06

RALPH L. DELOACH
CLERK
BY _____, DEPUTY
AT WICHITA, KS.

CASELL C. RANDLE, JR.           )
                                )
      Plaintiff,               )
                                )
vs.                             )      Case No. 06-1284-MLB
                                )
JAYSON G. GOODRICH, JOSHUA R.   )
McGONIGLE, LINDSEY E. CLARK,    )
BRUCE C. SIMON, KYLE A. KELLY,  )
QUENTIN J. CLARK, KC L. CLARK,  )
CRISTINA D. PADIN, KINNARD J. CLARK,  )
MONICA R. JELICH, BRIAN S. TAYLOR,    )
MARIAH R. CLARK AND CODY CLARK,  )
individually and as co-conspirators,  )
                                )
      Defendants.              )
_____ )

## COMPLAINT

COMES NOW the plaintiff, Casell C. Randle, Jr., by and through his counsel, Ray E. Simmons and Mark G. Ayesh of the Ayesh Law Offices, and for his cause of action against the defendants, Jayson G. Goodrich, Joshua R. McGonigle, Lindsey E. Clark, Bruce C. Simon, Kyle A. Kelly, Quentin J. Clark, KC L. Clark, Cristina D. Padin, Kinnard J. Clark, Monica R. Jelich, Brian S. Taylor, Mariah R. Clark and Cody Clark, alleges and states as follows:

### A. PARTIES

1. Plaintiff, Casell C. Randle, Jr., is a citizen and resident of Minneapolis, Minnesota. Plaintiff, Casell C. Randle, Jr., is hereinafter referred to as "plaintiff."

2. Defendant, Jayson G. Goodrich, is a white male and a citizen and resident of Butler County, Kansas, with a residence address of 999 N. West 30th, El Dorado,

Kansas 67042. Defendant, Jayson G. Goodrich, is hereinafter referred to as "Goodrich".

3.     Defendant, Joshua R. McGonigle, is a white male and a citizen and resident of Sedgwick County, Kansas, with a residence address of 6540 N. 135th W., Colwich, Kansas 67030. Defendant, Joshua R. McGonigle, is hereinafter referred to as "McGonigle".

4.     Defendant, Lindsey E. Clark, is a white female and a citizen and resident of Sedgwick County, Kansas, with a residence address of 5256 N. 55th W., Wichita, Kansas 67205.  Defendant, Lindsey E. Clark, is hereinafter referred to as "Lindsey Clark".

5.     Defendant, Bruce C. Simon, is a white male and a citizen and resident of Sedgwick County, Kansas, with a residence address of 6210 N. Tyler, Wichita, Kansas 67205. Defendant, Bruce C. Simon, is hereinafter referred to as "Simon".

6.     Defendant, Kyle A. Kelly, is a white male and a citizen and resident of Sedgwick County, Kansas, with a residence address of 3710 N. 119th W., Wichita, Kansas 67205.  Defendant, Kyle A. Kelly, is hereinafter referred to as "Kelly".

7.     Defendant, Quentin J. Clark, is a white male and a citizen and resident of Sedgwick County, Kansas, with a residence address of 4429 W. 53rd St. N., Wichita, Kansas 67205.  Defendant, Quentin J. Clark, is hereinafter referred to as "Quentin Clark".

8.     Defendant, KC L. Clark, is a white female and a citizen and resident of Sedgwick County, Kansas, with a residence address of 4429 W. 53rd St. N., Wichita, Kansas 67205.  Defendant, KC L. Clark, is hereinafter referred to as "KC Clark".

2

9. Defendant, Cristina D. Padin, is a white female and a citizen and resident of Butler County, Kansas, with a residence address of 999 N.W. 30th, El Dorado, Kansas 67042. Defendant, Cristina D. Padin, is hereinafter referred to as "Padin".

10. Defendant, Kinnard J. Clark, is a white male and a citizen and resident of Sedgwick County, Kansas, with a residence address of 33158 N. Meridian, Wichita, Kansas 67204. Defendant, Kinnard J. Clark, is hereinafter referred to as "Kinnard Clark".

11. Defendant, Monica R. Jelich, is a white female and a citizen and resident of Sedgwick County, Kansas, with a residence address of 10212 Sabrina, Wichita, Kansas 67212. Defendant, Monica R. Jelich, is hereinafter referred to as "Jelich".

12. Defendant, Brian S. Taylor, is a white male and a citizen and resident of Sedgwick County, Kansas, with a residence address of 8727 W. 61st St. N., Wichita, Kansas 67101. Defendant, Brian S. Taylor, is hereinafter referred to as "Taylor".

13. Defendant, Mariah R. Clark, is a white female and a citizen and resident of Sedgwick County, Kansas, with a residence address of 5256 W. 55th St. N., Wichita, Kansas 67205. Defendant, Mariah R. Clark, is hereinafter referred to as "Mariah Clark".

14. Defendant, Cody Clark, is a white male and a citizen and resident of Sedgwick County, Kansas, with a residence address of 4425 W. 53rd St. N., Wichita, Kansas, or 6510 N. 135th St. W., Colwich, Kansas. Defendant, Cody Clark, is hereinafter referred to as "Cody Clark".

15. Defendants Goodrich, McGonigle, Lindsey Clark, Simon, Kelly, Quentin Clark, KC Clark, Padin, Kinnard Clark, Jelich, Taylor, Mariah Clark and Cody Clark, are

3

collectively referred to herein as "defendants" and are co-conspirators, as set forth herein.

## B. JURISDICTION AND VENUE

16.    The United States District Court has subject matter jurisdiction of the federal claims set forth herein pursuant to 28 U.S.C. §§ 1331 and 1343.

17.    The U.S. District Court has subject matter jurisdiction of the state law claims set forth herein pursuant to 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs, and is between citizens of different states.  In addition, the U.S. District Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

18.    All defendants reside within Kansas and all occurrences giving rise to this complaint occurred in Sedgwick County, Kansas.  Venue is proper in the Judicial District of Kansas pursuant to 28 U.S.C. § 1391.

## B. FACTS

19.    On October 30, 2005, plaintiff, an African-American male, and five other African-American males were traveling together, in three separate vehicles, westbound on 53rd Street North, in Sedgwick County, Kansas, after leaving the Red Garter club, located on West 53rd Street North.  Plaintiff's companions were: Nathan B. Simmons, age 22, Travis T. Mathews, age 25, Curtis Lilly, age 28, Sherrod A. Williams, age 26, and Tony J. Hendricks, Age 18.  Simmons, Mathews, Williams and Hendricks were members of the United States Air Force stationed at McConnell Air Force Base in

4

Wichita, Kansas. Plaintiff was a passenger in a vehicle he owned, but was being driven by Lilly. Plaintiff was asleep in the passenger seat.

20. Simmons, the driver of the lead vehicle, realized he was disoriented after making the wrong turn out of the Red Garter parking lot. He saw a gathering of people, outside of a building located at 4425 West 53rd Street North. Thinking that it was another nightclub, Simmons pulled into the driveway at the location to ask directions; the other two vehicles followed.

21. Immediately, the three vehicles were set upon by the mob of defendants, some of whom were shouting: "Fucking niggers;" "get these niggers;" and other offensive racial epithets.

22. One or more of the defendants began throwing rocks at the three vehicles occupied by the black men. One defendant began hitting the vehicles with a logging chain.

23. The vehicle driven by Williams, with Hendricks as a passenger, managed to escape back onto 53rd Street North and went to call 911.

24. The vehicle driven by Simmons tried to escape by driving through the field, but got stuck. Simmons was "captured" by the mob of defendants as he tried to escape and was thrown to the ground. Mathews, his passenger, managed to escape on foot and hide in the bushes until the Sheriff's deputies arrived.

25. Lilly, who was driving plaintiff's vehicle, tried to follow the vehicle driven by Simmons, but also became stuck. One of the mob of defendants drove a truck up behind plaintiff's vehicle, struck plaintiff's vehicle in the rear and blocked it from moving.

26.     After being struck in the forehead with a beer bottle, Lilly managed to break free and escape by swimming across a body of water and hiding out until daybreak, after which he was treated for hypothermia.

27.     During this event, which transpired rapidly, plaintiff woke up as one of the defendants was smashing out windows of plaintiff's vehicle. Plaintiff was pulled from the vehicle by one from the mob of defendants, thrown to the ground, kicked and beaten. Plaintiff managed to get away, but returned to check on the welfare of Lilly, not knowing that Lilly had escaped. At which time, plaintiff was "captured" and again thrown to the ground and held there until Sheriff's deputies arrived. The mob of defendants told plaintiff, "We're going to kill you niggers; you fucked up tonight." One of the mob of defendants took plaintiff's wallet from plaintiff's trousers. One of the mob of defendants said, "They may have weapons; go get the gun." While plaintiff was held on the ground by the mob of defendants, one of the defendants put his fist on plaintiff's jaw and ground his fist down, pushing the side of plaintiff's head into the ground.

28.     As the black men were being surrounded, chased and / or beaten, the black men heard the mob of defendants making the following statements:

        a.     "You picked the wrong group of guys to fuck with."

        b.     "You fucked with the wrong hillbillies."

        c.     "You're trespassing."

        d.     "Citizen's arrest."

        e.     "What the fuck are you doing in the wheat field?"

        f.     "Kill these niggers."

6

29.    When the Sheriff's deputies arrived, the defendants defended their actions, and asserted that the black men were trespassing and driving through the wheat field.

30.    Deputy Travis A. Clinesmith identified defendant Cody Clark carrying a baseball bat.

31.    Defendant KC Clark admitted to Deputy Clinesmith that they were yelling "niggers."

32.    Defendant Lindsey Clark told Deputy Clinesmith: "We're racists."

33.    Defendant Goodrich admitted hitting one of the vehicles with his fist.

34.    Sheriff's deputies recovered a logging chain from the scene as evidence.

35.    Plaintiff Randle and Simmons, Matthews, Lilly, Williams, and Hendricks, all reported to the sheriff's deputies that they were in fear for their lives. Some of them, who had served with the Air Force in Iraq, reported being more afraid on the morning of October 30, 2005, than they had been when serving in the combat zone.

36.    Plaintiff sustained physical injury, damage to personal property, and extreme emotional distress.

## C. CAUSES OF ACTION

### 1. Intentional Deprivation of Civil Rights Based Upon Race.

### 42 U.S.C. § 1981

37.    Plaintiff incorporates by reference paragraphs 1 through 36 of this Complaint.

38.    Defendants denied to plaintiff the full and equal benefit of all laws and proceedings for the security of persons and property as enjoyed by white citizens, namely: Freedom from intentional racial discrimination; freedom of travel; freedom from unlawful arrest, search and seizure; and freedom from the use of excessive force and cruel and unusual punishment in connection with said unlawful arrest, search and seizure.

WHEREFORE, plaintiff respectfully prays for a judgment of the Court and against defendants, jointly and severally, awarding actual damages and compensatory damages in the amount of $250,000.00; punitive damages in the amount of $1 million, for costs, for reasonable attorney fees and for such other and further relief as the court deems just and proper.

## 2. Conspiracy to Deprive Civil Rights Based Upon Race

## 42 U.S.C. § 1985(c)

39.    Plaintiff incorporates by reference paragraphs 1 through 38 of this Complaint.

40.    Defendants conspired for the purpose of depriving plaintiff, either directly or indirectly, of equal privileges and immunities under the laws.

41.    Plaintiff was damaged in his person and property as a result of an act in furtherance of the above-referenced conspiracy.

WHEREFORE, plaintiff respectfully prays for a judgment of the Court and against defendants, jointly and severally, awarding actual damages and compensatory

damages in the amount of $250,000.00; punitive damages in the amount of $1 million, for costs, for reasonable attorney fees and for such other and further relief as the court deems just and proper.

### 3. Failure to Prevent Deprivation of Civil Rights Based Upon Race

### 42 U.S.C. § 1986

42.    Plaintiff incorporates by reference paragraphs 1 through 41 of this Complaint.

43.    Defendants, having knowledge that the above-referenced wrongs were about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglected and refused to do so.

44.    Defendants could have prevented the above-referenced wrongs from being committed by reasonable diligence.

WHEREFORE, plaintiff respectfully prays for a judgment of the Court and against defendants, jointly and severally, awarding actual damages and compensatory damages in the amount of $250,000.00; punitive damages in the amount of $1 million, for costs, for reasonable attorney fees and for such other and further relief as the court deems just and proper.

### 4. Battery

45.    Plaintiff incorporates by reference paragraphs 1 through 44 of this Complaint.

46.    Defendants, without privilege, touched or struck plaintiff with the intent to bring about either contact or an apprehension of contact that was harmful or offensive.

WHEREFORE, plaintiff respectfully prays for a judgment of the Court and against defendants, jointly and severally, awarding actual damages and compensatory damages in the amount of $250,000.00; punitive damages in the amount of $1 million, for costs and for such other and further relief as the court deems just and proper.

### 5. False Arrest

47.    Plaintiff incorporates by reference paragraphs 1 through 46 of this Complaint.

48.    Defendants restrained the personal freedom of plaintiff without legal excuse by words, acts, threats or personal violence that under the circumstances plaintiff feared to disregard.

WHEREFORE, plaintiff respectfully prays for a judgment of the Court and against defendants, jointly and severally, awarding actual damages and compensatory damages in the amount of $250,000.00; punitive damages in the amount of $1 million, for costs and for such other and further relief as the court deems just and proper.

### 6. Intentional Destruction of Personal Property

49.    Plaintiff incorporates by reference paragraphs 1 through 48 of this Complaint.

50.    Defendants intentionally damaged and destroyed personal property belong to Plaintiff, namely: a 2000 Nissan Maxima, by breaking out glass windows and damaging the auto body, interior seat and radio, causing damage in the amount of $4,630.40.

WHEREFORE, plaintiff respectfully prays for a judgment of the Court and against defendants, jointly and severally, awarding actual damages and compensatory damages in the amount of $4,630.40; punitive damages in the amount of $1 million, for costs and for such other and further relief as the court deems just and proper.

### 7. Outrage

51.    Plaintiff incorporates by reference paragraphs 1 through 50 of this Complaint.

52.    The conduct of the defendants was intentional or in reckless disregard of the plaintiff.

53.    The conduct of the defendants was so outrageous in character and so extreme in degree as to go beyond the bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized society.

54.    Plaintiff suffered emotional distress of such an extreme degree the law must intervene because the distress inflicted was so severe that no reasonable person should be expected to endure it.

55.    There was a causal connection between the defendants' conduct and the plaintiff's emotional distress.

WHEREFORE, plaintiff respectfully prays for a judgment of the Court and against defendants, jointly and severally, awarding actual damages and compensatory damages in excess of $250,000.00; punitive damages in the amount of $1 million, for costs and for such other and further relief as the court deems just and proper.

## 8. Civil Conspiracy

56.    Plaintiff incorporates by reference paragraphs 1 through 55 of this Complaint.

57.    Defendants unlawfully conspired to assault, batter and wound plaintiff and to cause plaintiff extreme emotional distress.

58.    Defendants unlawfully conspired to restrain the personal freedom of plaintiff without legal excuse.

59.    Defendants unlawfully conspired to intentionally damage and destroy personal property belonging to plaintiff.

60.    Plaintiff sustained personal injury, damage to personal property and extreme emotional distress as a result of the unlawful conspiracy among the defendants.

WHEREFORE, plaintiff respectfully prays for a judgment of the Court and against defendants, jointly and severally, awarding actual damages and compensatory damages in the amount of $250,000.00; punitive damages in the amount of $1 million, for costs and for such other and further relief as the court deems just and proper.

## 9. Negligent Infliction of Emotional Distress

61.    Plaintiff incorporates by reference paragraphs 1 through 60 of this Complaint.

62.    Plaintiff suffered actual physical injury as a result of the defendants' conduct.

63.    Plaintiff suffered extreme emotional distress.

64.     There was a causal connection between the defendants' conduct and the plaintiff's emotional distress.

WHEREFORE, plaintiff respectfully prays for a judgment of the Court and against defendants, jointly and severally, awarding actual damages and compensatory damages in excess of $250,000.00; for costs and for such other and further relief as the court deems just and proper.

Respectfully submitted,

AYESH LAW OFFICES

By: _____
Mark G. Ayesh, #10175

and

By: _____
Ray E. Simmons, #12296
8100 East 22nd Street North
Building 2300, Suite 2
P. O. Box 781750
Wichita, KS   67278-1750
Telephone:  316-682-7381
E-Mail: mayesh@ayesh.kscoxmail.com
            rsimmons@ayesh.kscoxmail.com
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests that the issues in this matter be heard by a jury.


## DESIGNATION OF TRIAL

Plaintiff designates Wichita, Kansas as the location for the trial in this matter.


By: _____

    Mark G. Ayesh, #10175
    Ray E. Simmons, #12296
    *Attorneys for Plaintiff*