**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CASELL C. RANDLE, JR., )<br>)<br>                Plaintiff, )<br>)<br>v. )<br>)<br>JAYSON G. GOORICH, JOSHUA R. )<br>MCGONIGLE, LINDSEY E. CLARK, )<br>BRUCE C. SIMON, KYLE A. KELLY, )<br>QUENTIN J. CLARK, KC L. CLARK, )<br>CRISTINA D. PADIN, KINNARD J. )<br>CLARK, MONICA R. JELICH, )<br>BRIAN S. TAYLOR, MARIAH R. CLARK, )<br>and CODY CLARK, individually )<br>and as co-conspirators, )<br>)<br>                Defendants. )<br>) | **CIVIL ACTION**<br><br>No. 06-1284-MLB |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Joshua R. McGonigle's motion to dismiss. (Doc. 36.) The motion has been fully briefed and is ripe for decision. (Docs. 46, 52.) The motion is DENIED for the reasons stated herein.

**I.  ALLEGED FACTS**

Plaintiff filed suit against thirteen individuals, both individually and as co-conspirators, alleging various claims arising from an incident on October 30, 2005. Plaintiff, an African American, alleges he and five other African-Americans were traveling home from the Red Garter club in north Wichita, Kansas when they became lost. The group of men were traveling in three separate vehicles. Plaintiff alleges he was the passenger in a vehicle he owned and that he was asleep in the passenger seat. Plaintiff alleges the driver of the lead vehicle saw a gathering of people outside a building, thought it

was another nightclub, and, along with the other two vehicles, pulled into the driveway to ask for directions. Plaintiff alleges the three vehicles were immediately "set upon" by defendants, a group of Caucasian men and women. Plaintiff alleges defendants shouted racial epithets, threw rocks at the vehicles, and hit the vehicles with a logging chain.

One of the vehicles pulled back out onto the road and left to call authorities. The other two vehicles drove forward into a field, but the vehicles became stuck. Plaintiff alleges his vehicle was struck in the rear when a truck driven by one of the defendants drove up behind it, blocking it from moving. Plaintiff alleges he awoke as one of the defendants was smashing out the windows in his vehicle. Plaintiff alleges he was pulled from the vehicle, thrown to the ground, kicked, beaten, and held on the ground until authorities arrived. During this time, plaintiff alleges he was told "We're going to kill you niggers; you fucked up tonight" and "They may have weapons; go get the gun," his wallet was taken, and his head was pushed into the ground with a fist. Plaintiff claims he also heard defendants state "Citizen's arrest." When the authorities arrived, defendants contended that plaintiff and the other men were trespassing and driving through the wheat field. Plaintiff alleges he suffered physical injury, damage to personal property, and extreme emotional distress.

Defendant McGonigle denies participation in the alleged events. McGonigle contends he was recovering from knee surgery and was unable to walk very quickly over uneven terrain in the dark. McGonigle contends the authorities arrived shortly after he had walked to where

-2-

plaintiff and the others had gathered. McGonigle denies making any of the statements alleged. McGonigle moves the court to dismiss the claims made against him, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. MOTION TO DISMISS STANDARDS: FRCP 12(b)(6)

The standards this court must utilize upon a motion to dismiss are well known. This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive. See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp. 2d 1124, 1129 (D. Kan. 2000). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp. 2d 1104, 1106 (D. Kan. 1998). Conclusory allegations, however, have no bearing upon this court's consideration. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999) (citing Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. See Robinson, 117 F. Supp. 2d at 1129.

## III. ANALYSIS

Plaintiff's amended complaint brings ten causes of action. Plaintiff's second cause of action, a claim brought pursuant to 42

-3-

U.S.C. § 1983, was voluntarily dismissed.  (Doc. 51.)  McGonigle's motion to dismiss attacks each of plaintiff's nine remaining causes of action in turn.

A.  COUNT ONE - 42 U.S.C. § 1981

McGonigle contends that because plaintiff makes no allegation of McGonigle's individual involvement in the alleged incident, he cannot be personally liable under § 1981.  Section 1981(a):

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To establish a prima facie case of discrimination under 42 U.S.C. § 1981, a plaintiff must show: (1) membership in a protected class; (2) defendants had the intent to discriminate on the basis of race; and (3) the discrimination interfered with a protected activity as defined in § 1981.  Hampton v. Dillard Dept. Stores, Inc., 247 F.3d 1091, 1101-02 (10th Cir. 2001).  Section 1981 protected activities are: 1) the right to make and enforce contracts; 2) the right to sue, be parties, and give evidence; 3) the right to the full and equal benefit of the laws; and 4) the right to be subjected to like pain and punishments.  Phelps v. Wichita Eagle-Beacon, 886 F.2d 1262, 1267 (10th Cir. 1989); 42 U.S.C. § 1981(a).

Plaintiff has alleged facts sufficient to state a claim under § 1981.  Plaintiff alleges he is African-American and thus a member of a protected class.  Plaintiff alleges he was denied by defendants the

-4-

full and equal benefit of the law when his: 1) freedom from intentional discrimination; 2) freedom of travel; 3) freedom from unlawful arrest, search and seizure; and 3) freedom from the use of excessive force and cruel and unusual punishment in connection with an "unlawful" citizens arrest, were interfered with by defendants. Plaintiff alleges this interference was intentionally done on the basis of his race through the allegation of racial epithets he claims were made as the alleged incident was beginning.

McGonigle points to the case of Allen v. Denver Pub. Sch. Bd., for the propositions that "a claim seeking personal liability under section 1981 must be predicated on the actor's personal involvement," and "there must be some affirmative link to causally connect the actor with the discriminatory action."  928 F.2d 978, 983 (10th Cir. 1991), abrogated on other grounds, Kendrick v. Penske Tranps. Servs., Inc., 220 F.3d 1220, 1228 (10th Cir. 2000).  Defendant claims "[p]laintiff makes no allegation that defendant McGonigle was anything other than present," but this is not an accurate statement.  Plaintiff claims McGonigle was present and then included McGonigle in all allegations made against defendants as a whole.  Thus, plaintiff claims McGonigle threw rocks at his vehicle, smashed his vehicle's windows, dragged him from his car, beat him, used racial epithets, and held him on the ground.  It is true that plaintiff does not name McGonigle specifically, but rather refers generally to him when he uses the catchall word "defendants."  This is sufficient at this stage in the litigation.  The court must accept the pleaded facts as true and as plead, plaintiff has stated a claim under § 1981.

B.   COUNT THREE - 42 U.S.C. § 1985

Section 1985(3) of the Civil Rights Statutes does not create an independent substantive right.  Rather, it is a procedural statute which provides a remedy for a deprivation of an existing right.  Dixon v. City of Lawton, Okla, 898 F.2d 1443, (10th Cir. 1990).  Section 1985(3) states, in pertinent part:

> If two or more persons . . . conspire. . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . .; if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

A claim under 42 U.S.C. § 1985(3) requires plaintiff to allege: 1) a conspiracy, motivated by racially-discriminatory animus; 2) to deprive plaintiff of equal protection of the laws; 3) an act in furtherance of the conspiracy; and 4) a deprivation of rights resulting therefrom. Paris v. Sw. Bell Tel. Co., 94 Fed. Appx. 810, 815 (10th Cir. 2004)(citing Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993)).

McGonigle contends plaintiff's Amended Complaint "states only a conclusory allegation of a conspiracy" and that "plaintiff fails to allege the nature of any defendant's involvement in the alleged conspiracy."  (Doc. 36 at 12.)  To show the existence of a civil rights conspiracy, a plaintiff must allege "the combination of two or more persons acting in concert."  Abercrombie v. City of Catoosa, Okla., 896 F.2d 1228, 1230 (10th Cir. 1990).  Either by direct or

circumstantial evidence, plaintiff must show a meeting of the minds or agreement among defendants. Id. at 1231. Plaintiff must also show that the conspiracy was motivated by racial animus. Paris, 94 Fed. Appx. at 815.

Plaintiff's Amended Complaint clearly alleges actions by two or more persons acting in concert, motivated by racial animus. Plaintiff alleges the group of defendants set out after plaintiff and his companions, shouting racial epithets, throwing rocks, and hitting the vehicles with a logging chain. It is clear plaintiff is alleging that defendants had a "meeting of the minds" and "acted in concert." Plaintiff has similarly alleged an "act in furtherance of the conspiracy." Plaintiff contends his vehicle's windows were smashed, he was beaten, and that he was held to the ground against his will by defendants.

Plaintiff has also alleged the conspiracy was intended to deny him equal protection under the law or equal privileges and immunities of the law, and an injury or deprivation of these federally-protected rights. Paris, 94 Fed. Appx. at 815. The Supreme Court has recognized "only two rights as protected against private conspiracies under § 1985(3); the right to be free from involuntary servitude and the right to interstate travel, both under the Thirteenth Amendment." Duran v. Cmty. First Bankshares, Inc., 92 Fed. Appx. 756, 762 (10th Cir. 2004). Plaintiff's Amended Complaint alleges intentional deprivation of civil rights based upon race under 42 U.S.C. § 1981. The Tenth Circuit has recently stated:

> We have never considered the question of whether § 1981 may form the substantive basis for violation of a § 1985(3) claim, but the Third

-7-

> Circuit, citing our opinion in <u>Tilton v. Richardson</u>, 6 F.3d 683, 686 (10th Cir. 1993), has stated that '[t]he great weight of precedential authority . . . supports the traditional limitation of § 1985(3) to questions of interstate travel and involuntary servitude and does not suggest that §§ 1981 or 1982 claims in general may form the basis of a § 1985(3) action.'

<u>Paris v. Sw. Bell. Tel. Co.</u>, 94 Fed. Appx. at 815 (quoting <u>Brown v. Philip Morris Inc.</u>, 250 F.3d 789, 806 (3d Cir. 2001)). The Tenth Circuit ultimately did not reach the issue because it concluded a § 1985(3) claim was not proper on other grounds.

Similarly, at this stage, the court need not address the issue.[1] Plaintiff's Amended Complaint additionally alleges his freedom from travel was infringed. This is supported by his factual allegations that his vehicle was blocked with a truck of one of the defendants which created a physical barrier to travel. See <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S. 263, 274-75 (1993)(stating that when relying on the right to interstate travel as the basis for a § 1985 claim, to succeed at trial, a plaintiff must show the "'purpose of the conspiracy is to impede or prevent the exercise of the right of interstate travel, or to oppress a person because of his exercise of that right'"). Plaintiff is entitled the chance to go forward with evidence and prove this claim.

C.  COUNT FOUR - 42 U.S.C. § 1986

Section 1986 states, in pertinent part:

---

[1] The court also need not address plaintiff's contention in his response of injury to his Fourteenth Amendment rights under the due process clause. (Doc. 46 at 13-15.) McGonigle's brief seeking dismissal raises only the issue of whether a conspiracy has been alleged, and the court finds, at this point, sufficient allegations of a conspiracy have been made.

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned on section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented. . . .

Therefore, initially, a claim under 42 U.S.C. § 1986 requires the existence of a valid claim under § 1985. Wright v. No Skiter Inc., 774 F.2d 422, 426 (10th Cir. 1985). The court's finding that plaintiff has alleged a claim pursuant to § 1985(3) satisfies this requirement.

McGonigle contends plaintiff's § 1986 claim must fail because "[p]laintiff asserts only a conclusory allegation that defendants had knowledge of the wrongs about to be committed." (Doc. 36 at 13.) However, McGonigle admits knowledge of the claimed conspiracy and admits he was present at the time of the alleged conspiracy. A reasonable inference from plaintiff's allegations is that those present had the "power to prevent or aid in preventing the commission" of the alleged conspiracy. It cannot be said that plaintiff's alleged facts and the reasonable inferences drawn therefrom could not support his claim.

D. COUNTS FIVE THROUGH TEN - BATTERY, FALSE ARREST, INTENTIONAL DESTRUCTION OF PROPERTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/OUTRAGE, CIVIL CONSPIRACY, AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

McGonigle contends plaintiff's remaining claims, all brought pursuant to Kansas law, should be dismissed because plaintiff makes no factual allegations specific to defendant McGonigle with regard to plaintiff's tort claims. For all plaintiff's tort claims, McGonigle

alleges plaintiff has not alleged that McGonigle participated in or caused the tortious conduct.  Plaintiff responds by asserting that his inclusion of McGonigle as a defendant and his general allegations of harms made by "defendants" is sufficient to allege the causes of action against McGonigle.

Plaintiff has alleged defendants threw rocks at his vehicle, hit his vehicle with a logging chain, smashed his vehicle's windows, forcibly pulled him from his vehicle, beat him, removed his personal property, and held him to the ground against his will, all while shouting racial epithets.  These allegations against defendants as a whole include McGonigle as a participant within them.  McGonigle does not challenge the state tort claims on any other basis.  Therefore, it is not necessary for the court to address each claim's elements to see if all elements have been sufficiently alleged.

The court instructs plaintiff that general allegations against all defendants will not be sufficient at future stages of the litigation--to prove the elements of his claims, plaintiff must be able to show a causal connection between a defendant's conduct and plaintiff's harm.  However, at this juncture, the court finds plaintiff has alleged McGonigle's personal involvement, which is all that is necessary to defeat McGonigle's motion pursuant to Rule 12(b)(6).

**IV.  CONCLUSION**

Defendant's motion to dismiss is DENIED for the reasons set forth herein.  A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged.  The standards governing motions to reconsider are well established.  A motion to reconsider is

-10-

appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed five pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed five pages.  No reply shall be filed.

   IT IS SO ORDERED.

   Dated this   11th   day of December, 2006, at Wichita, Kansas.

                              S/ Monti Belot
                              Monti L. Belot
                              UNITED STATES DISTRICT JUDGE